FILED
At Albuquerque NM
MAR 27 2013
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 13-CR-966 |
| | ) | |
| vs. | ) | Counts 1-6: 18 U.S.C. § 1343: Wire Fraud; |
| | ) | |
| **MATTHEW CHANNON** and **BRANDI CHANNON**, | ) | |
| | ) | Counts 7-10: 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2, Aiding and Abetting; |
| Defendants. | ) | |
| | ) | Count 11: 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud. |

INDICTMENT

The Grand Jury charges:

Counts 1 through 6

1. Between in or about March 2010, through in or about September 2010, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **MATTHEW CHANNON**, knowingly and intentionally devised a scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses and representations. For the purpose of executing the defendant's scheme and artifice, the defendant knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds.

Introduction

2. OfficeMax, a national retailer of office supplies and other products, administers a customer reward program called MaxPerks Rewards.

3. In exchange for qualifying purchases, customers with MaxPerks Rewards

accounts earn rewards in the form of credit toward future purchases at OfficeMax. There are two types of MaxPerks Rewards accounts: MaxPerks for Business, which are available to any customer, and MaxPerks for Teachers, which are available only to teachers. For every $500 a Business customer spends at OfficeMax, the customer earns $25 in rewards; for every $75 a Teacher member spends at OfficeMax, the customer earns $10 in rewards, up to an annual maximum of $100 in rewards. OfficeMax permits one MaxPerks account per person.

4. Customers may sign up for an account in person at an OfficeMax store, over the phone, or create an account online. When a customer creates an account online, the customer is required to provide his or her name, mailing address, phone number, and email address. The customer also creates an account password.

5. A customer can access his or her MaxPerk account online by providing the customer's email or account number and password.

6. To credit a MaxPerks account with a purchase made at OfficeMax, the customer may provide the cashier with his or her MaxPerks card, or an employee can look up the customer's MaxPerks member number. The purchase is then credited to that customer's MaxPerks account.

7. If the customer forgets to use his or her MaxPerks account during the purchase, the customer can later log in to his or her MaxPerks account online and add the purchase to it. Prior to in or about October 2010, a MaxPerks online adjustment required four pieces of information located on the store receipt: the store number, date, register number, and transaction number.

8. MaxPerks members may also earn MaxPerks rewards by recycling used

ink and toner cartridges at OfficeMax. Prior to April 1, 2012, a customer received three dollars in MaxPerks rewards for each cartridge recycled, up to a maximum of $60 per month, as long as the customer's account reflected qualified purchases at OfficeMax at least equal to the amount of the award to be issued.

## The Scheme and Artifice

9. The defendant's scheme and artifice consisted of opening MaxPerks Rewards accounts under fictitious names, addresses, and phone numbers and then falsely claiming purchases made by other customers as his own to generate MaxPerks rewards for the accounts he controlled.

10. As part of his scheme and artifice, the defendant created more than 5,400 MaxPerks Rewards accounts using fictitious names, mailing addresses, and phone numbers.

11. As part of his scheme and artifice, the defendant associated approximately 5,247 of the MaxPerks Rewards accounts with one of four email addresses that he controlled: teechur12345678@gmail.com, coach12345678@gmail.com, bargle12345678@gmail.com, and garble12345678@gmail.com. The defendant inserted one or more periods between the characters of the address preceding the "@" to make these four email addresses appear to OfficeMax to be approximately 5,247 unique addresses.

12. As part of his scheme and artifice, the defendant would obtain an OfficeMax receipt containing a store number, date, register number, and transaction number. From that, he would extrapolate store numbers, dates, register numbers, and transaction numbers for other purchases that he had not made. He would then log-in online to the MaxPerks accounts that he controlled to claim purchases made by other customers, causing MaxPerks rewards to be issued to those accounts.

13. As part of his scheme and artifice, the defendant claimed approximately 47,688 purchases for MaxPerks accounts that he controlled, generating more than $180,000 in MaxPerks rewards that were to be issued to those accounts.

14. As part of his scheme and artifice, the defendant would use the MaxPerks rewards accrued by the accounts he controlled to purchase items at OfficeMax, which he would then resell.

## The Wires

15. For the purpose of executing such scheme and artifice, on or about the dates listed below, the defendant **MATTHEW CHANNON** attempted to and did transmit and cause to be transmitted by means of wire communications in interstate commerce the following writings, signals, and sounds:

| Count | Date | Description |
| --- | --- | --- |
| 1 | March 9, 2010 | Online request to Google to create the email account teechur12345678@gmail.com, under the name of Tee Chur. |
| 2 | April 5, 2010 | Online request to OfficeMax to create MaxPerks account in the name of Florence D. Wheeler at Milwaukee Elementary School, with an address of 3747 Joseph St., Milwaukee, WI, and an email address of t.eech.u.r.1.2345.6.78@gmail.com. |
| 3 | May 5, 2010 | Online request to Google to create the email account coach12345678@gmail.com, under the name of Coach Alphabet. |
| 4 | May 29, 2010 | Online request to OfficeMax to create MaxPerks account in the name of Thelma B. Johnson at Toledo Elementary School, with an address of 201 Hill St., Toledo, OH, and an email address of co.a.ch.1.2.3.4.56.78@gmail.com. |
| 5 | June 4, 2010 | Online request to Google to create the email account bargle12345678@gmail.com, under the name of Bargle Bargleton. |
| 6 | August 2, 2010 | Online request to OfficeMax to create MaxPerks account in the name of Bernice W. Henry at Decatur Elementary School, with an address of 2494 Isaacs Creek Road, Decatur, IL and an email address of b.a.rgl.e.12.34.56.78@gmail.com. |

4

In violation of 18 U.S.C. § 1343.

## Counts 7 Through 10

1.  Paragraphs 2 through 8 of the Introduction to Counts 1 through 6 are incorporated as part of Counts 7 through 10 as if fully restated here.

2.  Between on or about September 18, 2009, through on or about June 28, 2011, in the District of New Mexico and elsewhere, the defendants, **MATTHEW CHANNON** and **BRANDI CHANNON,** knowingly and intentionally devised a scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses and representations. For the purpose of executing the defendants' scheme and artifice, the defendants knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds.

## The Scheme and Artifice

3.  The defendants' scheme and artifice consisted of opening MaxPerks Rewards accounts under names, addresses, and phone numbers that were either fictitious or that did not belong to them. The defendants would then use the many MaxPerks accounts they controlled to evade the limits of the ink and toner cartridge recycling program.

4.  As part of their scheme and artifice, the defendants created approximately 120 MaxPerks Rewards accounts with false or fictitious names, mailing addresses, and phone numbers.

5.  As part of their scheme and artifice, the defendants purchased thousands of used ink or toner cartridges at low cost.

6.  As part of their scheme and artifice, the defendants presented approximately

5

24,934 used ink or toner cartridges for recycling at OfficeMax, causing approximately $74,800 in MaxPerks rewards to be issued to accounts they controlled.

## The Wires

For the purpose of executing such scheme and artifice, on or about the dates listed below, the defendants **MATTHEW CHANNON** and **BRANDI CHANNON** attempted to and did transmit and cause to be transmitted by means of wire communications in interstate commerce the following writings, signals, and sounds:

| Count | Date | Description |
| --- | --- | --- |
| 7 | November 4, 2009 | Online request to Google to create email address sandeepshwawar@gmail.com, under the name of Sandeep Shwawar. |
| 8 | December 10, 2009 | Online request to OfficeMax to create MaxPerks account in the name of Sandeepshwawar Decor, with an address of 2701 E. Helen St., Tucson, AZ, and an email address of sandeepshwawar@gmail.com. |
| 9 | January 28, 2010 | Online request to Google to create email address ameriodespatch@gmail.com, under the name of Amerio Despatch. |
| 10 | February 20, 2010 | Online request to OfficeMax to create MaxPerks account in the name of Waterspout Cinema, with an address of 1150 E. 800 S. Salt Lake City, UT, and an email address of a.m.eriodespatch@gmail.com. |

In violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

## Count 11

1. Paragraphs 2 through 8 of the Introduction to Counts 1 through 6 and paragraphs 3 through 6 of Counts 7 through 10 are incorporated as part of Count 11 as if fully restated here.

2. Between on or about September 18, 2009, through on or about June 28, 2011, in the District of New Mexico and elsewhere, the defendants, **MATTHEW CHANNON** and **BRANDI CHANNON**, did knowingly and voluntarily conspire and agree and act

interdependently with each other and with others known and unknown to the Grand Jury to commit an offense under 18 U.S.C. § 1343: wire fraud.

In violation of 18 U.S.C. § 1349.

## FORFEITURE ALLEGATION

Counts 1 through 5 of this Indictment are incorporated as part of this section of the indictment as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Upon conviction of any offense in violation of 18 U.S.C. § 1343, the defendant, **MATTHEW CHANNON**, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, or a conspiracy to commit such offense. The property to be forfeited to the United States includes but is not limited to the following:

MONEY JUDGMENT

> A sum of money equal to at least $109,158.38 in U.S. currency, including any interest accruing to the date of the judgment, representing the amount of money constituting or derived from proceeds of the offense. Of that amount, the defendant **MATTHEW CHANNON** is liable for approximately $34,356.38, and both defendants are jointly and severally liable for approximately $74,802.

Upon conviction of any offense in violation of 18 U.S.C. § 1343, the defendant, **BRANDI CHANNON**, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, or a conspiracy to commit such offense. The property to be forfeited to the United States includes but is not limited to the following:

MONEY JUDGMENT

> A sum of money equal to at least $74,802 in U.S. currency, including any interest

accruing to the date of the judgment, representing the amount of money constituting or derived from proceeds of the offense, for which both the defendants are jointly and severally liable.

SUBSTITUTE ASSETS

If any of the above described forfeitable property, as a result of any act or omission of the defendants:

    A. cannot be located upon exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third person;

    C. has been placed beyond the jurisdiction of the Court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

A TRUE BILL:

/s/

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney