IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      Cr. No. 13-966 JCH/KK

MATTHEW CHANNON, and
BRANDI CHANNON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' *Motion To Strike Surplusage from the Second Superseding Indictment* [Doc. 274]. The Government filed *United States' Motion To Strike as Untimely Defendants' Motion To Strike Surplusage* [Doc. 278]. Having reviewed the motions, briefs, and relevant law, the Court concludes that Defendants' motion [Doc. 274] should be granted and the Government's motion [Doc. 278] should be denied.

## DISCUSSION

The Government points out that Defendants' motion should have been filed earlier, under the rules and the Court's scheduling order. The only prejudice asserted by the Government, however, is that Defendants' motion "divert[ed] the Government's attention from preparing for trial during the final critical days." [Doc. 278, p. 3]

Defendants ask the Court to strike surplusage from the Second Superseding Indictment [Doc. 197] under Federal Rule of Criminal Procedure 7(d). They recognize that language in the indictment describing the essential elements of the crimes alleged is not surplusage and cannot

be stricken. *See United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990). The Court, however, has discretion to strike as surplusage allegations not relevant to the charge at issue. *See id*. Defendants argue that these principles would allow the Court to strike Paragraphs 1 through 9 and Paragraph 11 under Count 1, and to strike Paragraph 1 under Counts 2-7.

The Court agrees with Defendants' observation that the Second Superseding Indictment contains a mass of detailed factual allegations that would be more appropriately included in the Government's opening statement than in the Court's statements and instructions to the jury. The Court must scrupulously maintain both the essence and appearance of impartiality, and must avoid appearing to emphasize or agree with factual allegations and theories advanced by either side—particularly at the outset of the case.

Having carefully considered the parties' arguments and the interests of fairness and justice, the Court will strike the surplusage as requested in Defendants' motion. Under Count 1, the Court will strike Paragraphs 1 through 9, and Paragraph 11. [Doc. 197, pp. 1-3] In addition, the Court will strike the heading "General Allegations" on page 1, the heading "The Conspiracy" on page 3, the numeral "10" at the beginning of the second full paragraph on page 3, and the heading "Manner and Means" on page 3. The Court will not strike the last line of Count 1 on page 5, thus retaining: "In violation of 18 U.S.C. § 1349." Under Counts 2-7, the Court will strike Paragraph 1 on page 6; the Court will also strike the numeral "2" at the beginning of the second full paragraph on page 6.

The Court finds that the Second Superseding Indictment, as modified in accordance with this Order, sufficiently sets forth the essential elements of the crimes alleged.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' *Motion To Strike Surplusage from the Second Superseding Indictment* [Doc. 274] is **GRANTED**, as discussed above; and

(2) *United States' Motion To Strike as Untimely Defendants' Motion To Strike Surplusage* [Doc. 278] is **DENIED**.


_____
**UNITED STATES DISTRICT JUDGE**