IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                                           Cr. No. 13-966 JCH/KK

MATTHEW CHANNON, and
BRANDI CHANNON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' motions to exclude spreadsheet evidence, as requested in a number of Defendants' motions including: *Mr. Channon's Motion in Limine* [Doc. 182, pp. 2-3]; *Joint Supplement to Mr. Channon's Motion in Limine (Doc. 182) To Exclude Spreadsheet Evidence* [Doc. 259]; and *Joint Reply to Government's Second Supplemental Response [Doc. 284] to Defense Motion in Limine To Exclude Spreadsheet Evidence and Objections to Evidence* [Doc. 285]. This issue was addressed in the pretrial conference held on January 6, 2016, and at the evidentiary hearing held on January 11, 2016. Having reviewed the motions, briefs, evidence, and relevant law, the Court concludes that the spreadsheets referred to in this case as Daubert Exhibit 1 and Daubert Exhibit 2 constitute "originals" within the meaning of Federal Rule of Evidence 1001(d) rather than summaries under Federal Rule of Evidence 1006. To this extent, the Court at this time denies Defendants' motions to exclude Daubert Exhibits 1 and 2 as summaries.

The Court emphasizes that this is a limited ruling, and that the Court does not reach all of the arguments and issues raised by the motions referenced above.  Other matters, including other issues involving Daubert Exhibits 1 and 2, will be addressed at trial.

## DISCUSSION

Two spreadsheets were discussed at the October 28, 2015 evidentiary hearing, Exhibits 1 and 2.  These very large spreadsheets, containing voluminous evidence, were received by the Court on a disk after that hearing.  The parties and the Court refer to these spreadsheets as Daubert Exhibit 1 (MaxPerks Fraud Reporting, Original Spreadsheet) and Daubert Exhibit 2 (MaxPerks Fraud Reporting, Enhanced Spreadsheet).

Defendants have raised a number of different arguments regarding these spreadsheets, including arguments that:  Daubert Exhibits 1 and 2 constitute summaries under Federal Rule of Evidence 1006, so that the Government was required to make the originals or duplicates available; and that the spreadsheets were prepared in anticipation of litigation and at the request of the FBI so cannot be business records under Federal Rule of Evidence 803(6).[1]  The Government argues that:  Daubert Exhibits 1 and 2 are "originals" under Federal Rule of Evidence 1001(d); they are not hearsay because they are computer-generated; and, alternatively, that they are admissible as business records.  At this time, the Court reaches only the issue of whether Daubert Exhibits 1 and 2 are summaries under Rule 1006 or originals under Rule 1001(d).

Federal Rule of Evidence 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available

---

[1] Defendants at times conflate issues regarding discovery with issues regarding admissibility at trial.  [*See, e.g.*, Doc. 259, p. 2; Doc. 260]

for examination or copying, or both, by other parties at a reasonable time and place.  And the court may order the proponent to produce them in court.

Federal Rule of Evidence 1001(d) provides:

An "original" of a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by the person who executed or issued it.  For electronically stored information, "original" means any printout—or other output readable by sight—if it accurately reflects the information.  An "original" of a photograph includes the negative or a print from it.

The Court heard evidence at the January 11, 2016 evidentiary hearing that there are no paper documents underlying Daubert Exhibits 1 and 2.  The Government presented evidence that all of OfficeMax's relevant records are electronic, and that Daubert Exhibit 1 and 2 are printouts from those electronic records.  At the January 11th hearing, the Court was first advised that Daubert Exhibit 2 was created by combining into one spreadsheet Daubert Exhibit 1 and another Excel spreadsheet labeled Bates 1963; based on the Government's proffer that the Bates 1963 spreadsheet, like Daubert Exhibit 1, is a printout meeting the requirements of Rule 1001(d) as an original, printed out to be made readable by sight, the Court concludes at this time that both Daubert Exhibits 1 and 2 constitute "originals" under Rule 1001(d).

Defendants, however, were aware at least two years earlier of the source of Daubert Exhibit 2.  At the January 11th hearing, the Government presented as Exhibit EH-6 a letter to the defense, dated December 24, 2014, informing Defendants that Daubert Exhibit 2 includes redemption transactions imported from another spreadsheet, "1963 MaxPerks Fraud RpringLP 012513 prior to oct 09."  That letter (EH-6) also informed Defendants of other changes from Daubert Exhibit 1 to Daubert Exhibit 2.

The Court observes that the Government recognizes that its statements about the content and preparation of Daubert Exhibits 1 and 2 have at times been inconsistent and inaccurate, with the Government earlier representing to the Court that there was "very little" difference between

Daubert Exhibit 1 and Daubert Exhibit 2.  [Tr. 1/6/16, pp. 25-26]  The Government had earlier represented that there were only user-friendly formatting alterations in Daubert Exhibit 2.  In recent hearings and filings, the Government has advised the Court that these earlier representations were inaccurate, that about 200 reward redemption transactions (from a separate spreadsheet with Bates label 1963) were added by FBI Special Agent Jeffrey Moon, and that the order of tabs was switched.  [Tr. 1/11/16, pp. 283-88; *see* Doc. 227, p. 3]

<u>CONCLUSION</u>

Based on the evidence and proffers made by the Government up to this point, the Court concludes that Daubert Exhibits 1 and 2 are "originals" for purposes of Rule 1001(d) and not summaries under Rule 1006.

The Court is not determining at this time whether Daubert Exhibits 1 and 2 are admissible; the Court is not determining whether they were prepared in anticipation of litigation, whether they meet the requirements of a business record, or whether they are non-hearsay. Whether the Government can present the foundation necessary to show admissibility as non-hearsay computer-generated printouts, or as business records, remains to be addressed and decided at trial.

**IT IS THEREFORE ORDERED** that Defendants' motions to exclude Daubert Exhibits 1 and 2 as summaries under Rule 1006 are denied, as discussed above.

_____
**UNITED STATES DISTRICT JUDGE**