# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 13-966 JCH |
| | ) | |
| **MATTHEW CHANNON and** | ) | |
| **BRANDI CHANNON**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MOTION FOR MONEY JUDGMENT AND ORDER OF FORFEITURE</u>

The United States respectfully moves the Court for an order of forfeiture consisting of a money judgment in the amount of $100,000, jointly and severally against Defendants Matthew and Brandi Channon.  In support the United States sets forth the following:

1.      Defendants were convicted on January 22, 2016, of wire fraud and conspiracy to commit wire fraud, as charged in the Second Superseding Indictment.  Doc. 197.

2.      The Second Superseding Indictment contained a forfeiture allegation.  *Id*. at 8-9. The forfeiture allegation stated:

> Upon conviction of any offense in violation of 18 U.S.C. § 1343 or § 1349, Defendants **MATTHEW** and **BRANDI CHANNON** shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461 any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, or a conspiracy to commit such offense.

The property to be forfeited included a money judgment equal to at least $105,191 in U.S. currency.  *Id*.

3.      The proceeds of Defendants' criminal activities are made forfeitable to the United States by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.  *See United States v. Courtney*, 816 F.3d 681, 685 (10th Cir. 2016).

4.      Prior to trial, the parties agreed that if Defendants were convicted, the question of forfeiture should be determined by the Court, rather than the jury.  *See* 1/13/16 Tr. at 261.

5.      The United States would be able to establish at an evidentiary hearing that a money judgment is warranted in the amount of at least $105,191.  To avoid the need for such a hearing, however, the United States is willing to rely on testimony already received at trial to support a money judgment in the amount of $100,000.  If Defendants contest the amount of the money judgment and an evidentiary hearing becomes necessary, the United States reserves the right to seek a money judgment in the full provable amount of the proceeds.

6.      At trial, Steven Gardner, a fraud investigator for OfficeMax, testified that "a little north of $100,000" in reward cards associated with the fraudulent Group 1 and Group 2 accounts was redeemed for merchandise at OfficeMax.  *See* 1/19/16 Tr. at 900; *see also id*. at 1013.  That figure did not include any rewards redeemed by Matthew Channon's original MaxPerks account, CSOL.  *Id*. at 900-901.

7.      Section 981(a)(2)(A) defines "proceeds" as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense."

8.      "[I]*n personam* money judgments are appropriate under criminal forfeiture." *United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010).  The United States is entitled to a money judgment from Defendants in the amount they obtained from their criminal activities. *Id*.

9.      Accordingly, the United States seeks the entry of a money judgment against Defendants jointly and severally in the amount of $100,000.

10.     Defendants oppose this motion.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

/s
C. PAIGE MESSEC
MARGARET VIERBUCHEN
HOLLAND KASTRIN
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I hereby certify that a copy of this
pleading was delivered via CM/ECF
to counsel for Defendants.
*filed electronically*
C. Paige Messec