IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                                                Cr. No. 13-966 JCH

MATTHEW CHANNON, and
BRANDI CHANNON,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Mr. Channon's Motion for Release Pending Appeal* [Doc. 376], filed November 1, 2016. The Government has filed a response in opposition to the motion [Doc. 394]. After considering the facts, the evidence, and the arguments of the parties, the Court concludes that the motion should be granted as explained herein.

## DISCUSSION

### I.    Law Regarding Release Pending Appeal

Under 18 U.S.C. § 3143(b)(1), unless a defendant has been convicted of certain crimes not present here, the Court must presume that a defendant should be detained pending appeal unless it finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal is not for purpose of delay," and (3) the appeal raises a substantial question of law or fact, and (4) the substantial question of law or fact is likely to result in" reversal, a new trial, or a lesser sentence. The statute further provides that "[i]f the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) ..."

Section 3142(b) addresses release on personal recognizance or unsecured appearance bond, while section 3142(c) and its many subparts provide for release on conditions.

**II.     Analysis**

The Government does not contend that Matthew Channon is a flight risk, or that he presses his appeal for the purpose of delay. Thus, the first and third elements above are not in question. Further, the Government does not dispute the portion of the fourth element relating to the consequence of a finding of error—in other words, the Government concedes that if Channon succeeds in his claim on appeal, it will likely result in reversal or an order for a new trial.[1] Thus, the only questions this Court must consider are whether Channon has shown by clear and convincing evidence that he is not a danger to the safety of another person or the community, and whether his appeal raises a substantial question of law.

**A.     Safety of the Community**

In support of his argument that he poses no danger to the community, Channon points out that he has been released on his own recognizance and compliant with those conditions for more than three years. He contends that "the possibility that his conviction could be overturned on appeal provides exceptionally strong motivation for Mr. Channon to continue his compliance with all conditions of release," and that he has "everything to lose and nothing to gain" by violating those conditions.

---

[1] In determining whether or not the appeal raises a substantial question, the Tenth Circuit has adopted the two-step test set forth in *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985). The test requires that the court first decide whether the appeal raises a "substantial question" of law or fact. If the court finds in the affirmative, it must then determine whether the appeal will likely "result in reversal or an order for a new trial of all counts on which imprisonment has been imposed" if the "substantial question" is decided in defendant's favor. *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (citing *Miller*, 753 F.2d at 24).

In response, the Government points to the fraud scheme of which Channon has been convicted, and accuses him of lying on his tax returns and embezzling from an employee—conduct which is alleged but not proven. The Government also argues that Channon's good behavior while released on his own recognizance is entitled to little weight because he has not been required to report to Pretrial Services, which would have monitored his conduct and provided the Court with more information upon which to judge his behavior.

The Court concludes that Channon's good behavior over the last three and a half years provides clear and convincing evidence that he will not be a danger to the community.

### B.     Substantial Issue of Law

"[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc) (internal quotation marks omitted). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis[.]" *Id.*

Here, the substantial question asserted by Channon is the admissibility of many of the exhibits offered by the Government and admitted into evidence by this Court. These exhibits took the form of spreadsheets compiling voluminous data in the possession of OfficeMax. Channon argued that the spreadsheet constituted summaries under Federal Rule of Evidence 1006, so that the Government was required to make the originals or duplicates available; and that the spreadsheets were prepared in anticipation of litigation and at the request of the FBI so could not satisfy the business records exception to the hearsay rule under Fed. R. Evid. 803(6). Ultimately, after great deliberation, the Court ruled that the spreadsheets were summaries based on original business records and were therefore admissible at trial. Doc. 307 at 50-53.

Although the Court ultimately found that the evidence was admissible, this was not an obvious conclusion in this Court's mind. Here, the underlying OfficeMax data regarding such things as in-store transactions and the accumulation of rewards points existed only electronically in the OfficeMax computer system, and could be accessed only by creating a spreadsheet. The creation of such a spreadsheet, and the information it contained, was subject to a myriad of variables controlled by the person or persons accessing the electronic data. Outside of the spreadsheet created from the electronic data by an OfficeMax employee or FBI agent, Channon had no way to access the underlying transactional records. This resulted in a situation that was unique in this Court's experience, and one regarding which there was very little case law. In light of the Court's struggle with the issue and the lack of guidance from other courts, the Court concludes that this issue is, in fact, a close question or one that very well could be decided the other way. Thus, it is a substantial question of law.

### C. Exceptional Reasons Provision of § 3145(c)

Channon argues as an alternative that even if he failed to meet the criteria for release laid out in § 3143(b)(1), he should still be released because his case presents "exceptional reasons" for release under 18 U.S.C. § 3145(c). Having found that Channon qualifies for release under §3143(b)(1), the Court declines to reach this question. However, the Court will note that §3145(c), by its very terms, applies to defendants seeking release pending appeal only when they have been found guilty of a crime of violence, a crime with a maximum penalty of life imprisonment or death, a terrorism offense, or a drug crime as described in 18 U.S.C. § 3142(f)(1)(A), (B), and (C). *See* § 3143(b)(2). Since Channon was not convicted of any of these crimes, it would appear that Section 3145(c) does not apply.

D. **Conditions of Release**

The Court has concluded that Channon has met the elements of § 3143(b)(1) and is entitled to release while his appeal is pending. The Government argues that if the Court orders Channon's release, it should impose conditions of release designed to protect the public during that time because the conditions imposed pretrial are insufficient now that he has been convicted. Thus, the Government suggests that the Court impose the same conditions of supervised release the Channon must comply with upon his release from prison. However, the Court—in consultation with U.S. Probation—concludes that the conditions of release imposed upon Channon by Judge Molzen on April 12, 2013 (see Doc. 13) are sufficient and should continue to apply to Channon during the pendency of his appeal.

**IT IS THEREFORE ORDERED** that *Mr. Channon's Motion for Release Pending Appeal* [Doc. 376] is **GRANTED**. **IT IS FURTHER ORDERED** that Channon must continue to adhere to the conditions of release set forth in Doc. 13.

_____
**UNITED STATES DISTRICT JUDGE**