**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             No. 1:13-cr-00966-JCH

MATTHEW CHANNON and
BRANDI CHANNON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Matthew Channon's "Motion to Recognize Completion of Supervised Release" (ECF No. 555). The Government responded in opposition (ECF No. 558) and Mr. Channon filed a reply (ECF No. 560). The Court, having carefully considering the motion, briefs, and relevant law, denies the motion.

**I.    BACKGROUND**

Familiarity with the facts of this case is presumed. The Court presents only the facts necessary to decide the motion. On October 20, 2016, Mr. Channon was sentenced to prison for 12 months and one-day for his crimes of conviction followed by two-years of supervised release. *See* Amen. J., ECF No. 379. After sentencing, Mr. Channon was placed in the United States Marshal Service's custody for "processing." Mr. Channon's time in processing earned him a one-day credit against his sentence as time spent in official detention under 18 U.S.C. § 3583(b). He was then released to prosecute an appeal. After resolution of the appeal, Mr. Channon reported to prison in May 2019.

In his motion, Mr. Channon contends the October 20, 2016 processing with the Marshal was "imprisonment," and thus triggered the supervised-release clock. Consequently, he believes that he was on supervised release from October 2016 to October 2018. He asks the Court to "recognize the 2018 expiration and completion of his 2-year period of supervised release, and notify U.S. Probation of the same." Def.'s Mot. at 6. The Government opposes the motion.

**II.   DISCUSSION**

Under 18 U.S.C. § 3624, a defendant's "term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(e). The federal statute authorizing supervised release likewise states that a term of supervision begins, "after imprisonment." 18 U.S.C. § 3583(a). The phrase "released from imprisonment," "contemplates a defendant's "freed[om] from confinement." *United States v. Neuhauser*, 745 F.3d 125, 129 (4th Cir. 2014) (quoting *United States v. Johnson,* 529 U.S. 53, 57 (2000)). "Supervised release does not run while an individual remains in the custody of the Bureau of Prisons." *Johnson*, 529 U.S. at 57. That is, "[s]upervised release has no statutory function until confinement ends." *Id*. at 59. According Mr. Channon, because he "was handcuffed, fingerprinted, had his DNA taken, and spent time looking through bars in a locked holding cell," during post-sentencing processing, that began his imprisonment. Def.'s Mot. at n.1. He then was "released" from imprisonment the same day, triggering the supervised-release clock.

However, Mr. Channon's argument is unavailing and problematic for several reasons. First, he cites zero on point authority that processing by the Marshal begins the running of the supervised release clock. Under D.N.M.LR-Cr. 47.7, the Court disregards Mr. Channon's unsupported assertions. Second, precedent indicates that his argument is wrong on the merits. *See Francis v. Maloney*, 798 F.3d 33, 39 (1st Cir. 2015) ("the phrase 'is released from imprisonment' is clear: it

signifies the date that the individual is actually released from prison.") (citing *Johnson,* 529 U.S. at 56–59)); *United States v. Earl*, 729 F.3d 1064, 1068 (9th Cir. 2013) (defendant's home confinement did not start his term of supervised release; rather "his term of supervised release could not begin until his prescribed term of imprisonment expired.") Third, Mr. Channon's theory defies common-sense and the purpose of supervised release, which is to "contribute[ ] to a defendant's rehabilitation and 'transition to community life.'" *Neuhauser*, 745 F.3d at 130 (quoting *Johnson,* 529 U.S. at 59). The statute would be defenestrated if a defendant could complete supervised release before even beginning a prison-term. That is why "[s]upervised release has no statutory function until confinement ends." *Johnson*, 529 at 59. Mr. Channon's confinement ended March 2020, when he was "actually released from prison." *Francis*, 798 F.3d at 39. Because he has failed to show that his post-sentencing processing on October 20, 2016 constituted "imprisonment" from which he was "released," the Court does not consider Mr. Channon's remaining unpersuasive arguments.

### III.   CONCLUSION

Mr. Channon's two-year term of supervised release began on the day that he was released from confinement in March 2020.

**IT IS THEREFORE ORDERED that** Defendant Matthew Channon's "Motion to Recognize Completion of Supervised Release" **(ECF No. 555)** is **DENIED**.

**IT IS SO ORDERED**.

_____
Hon. Judith C. Herrera
Senior United States District Judge